Filed 10/16/13  P. v. Villeda CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CESAR ORLANDO VILLEDA,<br><br>    Defendant and Appellant. | 2d Crim. No. B246258<br>(Super. Ct. No. 2011044035)<br>(Ventura County) |

Cesar Orlando Villeda appeals his conviction of possession of a controlled substance for sale (Health & Saf. Code, § 11351).  He requests that we conduct an independent review of the in camera hearing held pursuant to his *Hobbs* motion.  (*People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*).)  The Attorney General agrees independent review is appropriate.  We affirm.

FACTS

Acting under a search warrant, police officers searched Villeda's home. They discovered 19 baggies of cocaine, an inoperative digital scale and empty baggies. Villeda admitted he had been selling drugs for six months.

Portions of a two-page attachment to the affidavit in support of the warrant were sealed.  Villeda moved to unseal those portions, to quash and traverse the warrant, and to suppress the evidence.  The trial court conducted an in camera hearing from which Villeda and his counsel were excluded.  The affiant of the affidavit in support of the

warrant testified at the hearing. Following the hearing, the court denied Villeda's motions.

Villeda waived his right to a jury trial and proceeded by way of a court trial based on the submission of the preliminary hearing transcript. Finding Villeda guilty, the trial court sentenced him to 180 days in county jail plus 36 months probation.

DISCUSSION

All or part of a search warrant affidavit may be sealed if necessary to protect the identity of an informant who has supplied probable cause for the issuance of the warrant. (*Hobbs*, *supra*, 7 Cal.4th at p. 971.) In such cases, where the defendant moves to traverse or quash the warrant, the trial court is required to conduct an in camera hearing. (*Id.* at p. 972.) The court must determine whether there are sufficient grounds for maintaining the confidentiality of the informant's identity, and whether the extent of the sealing is necessary to protect the informant's identity. (*Ibid.*) Absent a waiver from the prosecutor, the defendant or his attorney may not attend the in camera hearing. (*Id.* at p. 973.)

If the trial court determines all or part of the affidavit was properly sealed, it must next decide if there is any merit to the defendant's motion to traverse. (*Hobbs*, *supra*, 7 Cal.4th at p. 974.) The court must determine whether the affidavit included a false statement made knowingly and intentionally or with reckless disregard of the truth, and whether the false statement is necessary to a finding of probable cause. (*Ibid.*) The determination must be based on the public and sealed portions of the affidavit and any testimony offered at the in camera hearing. (*Ibid.*) If there is no merit to the motion to traverse, the court should so inform the defendant and deny the motion. (*Ibid.*) If the court determines there is a reasonable probability the defendant will prevail on the motion, the prosecutor must be given the option of disclosing the sealed materials, or suffering the entry of an adverse order on the motion to traverse. (*Id.* at pp. 974-975.)

If the defendant moves to quash the warrant, the procedure is similar. The trial court must determine whether under the totality of the circumstances the affidavit and related materials furnished probable cause for the issuance of the warrant. (*Hobbs*,

2

*supra*, 7 Cal.4th at p. 975.)  If the court determines there is probable cause, the court should so inform the defendant and deny the motion.  (*Ibid.*)  If the court determines there is a reasonable probability the defendant will prevail on his motion to quash the warrant, the prosecutor must either disclose the sealed materials to the defense, or suffer the entry of an adverse order on the motion to quash.  (*Ibid.*)

The trial court here followed the proper procedure.  Our independent review of the record, including the sealed portions, confirms the trial court's determinations.[1]  We agree with the trial court that there are sufficient grounds for maintaining the confidentiality of the informant's identity, and that the extent of the sealing is necessary for that purpose.  We also agree there is no reasonable probability that Villeda could prevail on his motions to quash and traverse the warrant.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

---

[1] The sealed, unredacted version, of the search warrant was inadvertently omitted from the record on appeal.  At our request, the trial court transmitted the document to us for review.

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Suzan E. Hier, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.